Affirmed and Memorandum Opinion filed August 7, 2007








Affirmed and Memorandum Opinion filed August 7, 2007.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-00076-CR

____________

 

KENON ROBERTS, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 232nd
District Court

Harris County, Texas

Trial Court Cause No. 1009966

 



 

M E M O R A N D U M   O P I N I O N

Appellant, Kenon Roberts, appeals his conviction by a jury
for aggravated sexual assault of a child.  The jury assessed punishment at ten
years= confinement, but
recommended the sentence be suspended and appellant be placed on community
supervision for ten years.  In his sole point of error, appellant argues a
substantial right was violated by the admission of a videotaped interview.  We
affirm.








Complainant (AE.G.@) told her grade
school counselor that her mother=s boyfriend,
appellant, had Atouched her wrong.@  The counselor
reported the encounter to Family and Protective Services (ACPS@).[1] 
CPS visited the apartment where E.G. lived and, after a brief discussion with
E.G. and appellant, CPS removed her from the home and took her to the Children=s Assessment
Center (ACAC@).  Claudia
Mullin, a forensic interviewer at the CAC, conducted and videotaped an
interview with E.G. about the sexual abuse she reported to her counselor. 
Subsequently, appellant was indicted for the aggravated sexual assault of a
child.

In his sole point of error, appellant contends the trial
court erred in admitting the videotaped interview of E.G.  When reviewing a
trial court=s ruling on evidentiary matters, we use an abuse of
discretion standard.  Sauceda v. State, 129 S.W.3d 116, 120 (Tex. Crim.
App. 2004).  If the ruling was correct on any theory of law applicable to the
case, in light of what was before the trial court at the time the ruling was
made, we must uphold the judgment.  Id.

At trial, E.G. testified she had made the entire scenario
up and had lied to her counselor and the investigators.  However, on the
videotape, E.G. stated explicitly and clearly the events surrounding the
allegations for which appellant was tried.  When the State offered the
videotape as evidence, appellant objected on the basis that the statements on
the videotape were out-of-court statements, the witness had already testified
to the contents, and Texas Rules of Evidence 404(b) prohibited the admission of
prior bad acts included on the videotape.  The State argued the purpose for the
videotape was to impeach E.G.  On appeal, appellant argues the State improperly
introduced the videotape as impeachment evidence.  








To preserve error for appeal, a timely objection must be
made at the trial court.  Tex. R. App.
P. 33.1.  The complainant, on appeal, must comport with the objection
made at the trial court.  Broxton v. State, 909 S.W.2d 912, 918 (Tex.
Crim. App. 1995).  Appellant did not to make an objection regarding improper
impeachment.  See In re A.B., 133 S.W.3d 869, 875 (Tex. App.CDallas 2004, no
pet.) (holding the party, after a hearsay objection was sustained, did not
preserve error for appeal by failing to object to an improper impeachment
predicate).  Instead, appellant=s counsel said AI have no problem,@ and clarified
this statement by saying AI have no objection to specific portions
of the tape that are offered to rebutt [sic] specific testimony of [E.G.].@[2]  

Appellant further argues the videotape was inadmissible as
substantive evidence.  Generally, evidence of prior inconsistent statements and
prior consistent statements may be used for impeachment, not as primary
evidence to prove guilt.  Flores v. State, 48 S.W.3d 397, 404 (Tex. App.CWaco 2001, pet.
ref=d).  The State
argues the cross examination of Mullin was sufficient to Aopen the door@ for introduction
of the video under Rule 107 of the Texas Rules of Evidence.[3] 
Rule 107 is one of admissibility and permits the introduction of otherwise
inadmissible evidence when that evidence is necessary to fully and fairly
explain a matter opened up by the adverse party.  Credille v. State, 925
S.W.2d 112, 116 (Tex. App.CHouston [14th Dist.] 1996, pet. ref=d).  The purpose
of the rule is to reduce the possibility the jury will be misled from hearing
only a portion of the act, conversation, or writing.  Id.








Appellant claims he did not mention the videotape, he did
not attempt to introduce the videotape into evidence, and Mullin could testify
to the statements.  See Washington v. State, 856 S.W.2d 184, 186 (Tex.
Crim. App. 1993) (holding the admission of a videotape was an error because:
(1) no mention of the tape was made during cross examination; (2) defense made
no attempt to introduce the tape=s contents into
evidence; and, (3) the witness was available to answer the questions about the
interview).  To the contrary, appellant=s attorney raised
the issue by extracting testimony about the videotape during cross-examination
of Mullin.[4] 
By his line of questioning, he attacked the credibility of E.G.=s statements
because she was now claiming she had lied about appellant=s having Atouched her wrong.@ 








Appellant=s attorney opened the door by insinuating
that if a person were to watch the video, he could Asee what happened.@  See Graves v.
State, 176 S.W.3d 422, 429 (Tex. App.CHouston [1st
Dist.] 2004, pet. struck) (holding the global references to the interview
raised issues about the videotape and opened the door for the admission of the
videotape into evidence).  Under Rule 107, a party is permitted to introduce
other types of evidence to clarify and make fully understood the opponent=s evidence.  Credille,
925 S.W.2d at 116.  The jury, being unable to see the videotape and judge Asuch things as
demeanor, tone of voice, appearance, [and] whether she was vague,@ could easily be
misled by these questions.  Appellant=s attorney did not
place into doubt E.G.=s specific statements, but her veracity
during the taped interview, with his questions during the cross-examination of
Mullin.  See Sauceda, 129 S.W.3d at 123 (stating a videotape is
admissible to clarify specific statements taken out of context).  We find the
State was permitted to introduce the entire videotape to clarify appellant=s questions, and
the evidence was admissible under Rule 107. 

Accordingly, we overrule appellant=s sole point of
error and we affirm the trial court.

 

 

 

 

/s/      J. Harvey Hudson

Justice

 

 

 

 

Judgment rendered
and Memorandum Opinion filed August 7, 2007.

Panel consists of
Chief Justice Hedges and Justices Hudson and Guzman.

Do Not Publish C Tex. R. App. P. 47.2(b).









[1]  Although the proper name for the agency is Family
and Protective Services, it was referred to in testimony as CPS.





[2]  Appellant claims E.G. denied the statements on the
stand, and extrinsic evidence was inadmissible.  See Tex. R. Evid. 613(a) (AIf the witness unequivocally admits having made such
statement, extrinsic evidence of same shall not be admitted.@).  By failing to make a timely objection, appellant
did not preserve error.  Therefore, we need not reach the issue of the evidence
being proper or improper for impeachment.





[3]  Rule 107 of the Texas Rules of Evidence states:

When part
of an act, declaration, conversation, writing or recorded statement is given in
evidence by one party, the whole on the same subject may be inquired into by
the other, and any other act, declaration, writing or recorded statement which
is necessary to make it fully understood or to explain the same may also be
given in evidence, as when a letter is read, all letters on the same subject
between the same parties may be given.  AWriting
or recorded statement@ includes depositions.

Tex. R. Evid. 107.

 





[4]  The following exchange occurred between appellant=s attorney and Mullin during cross-examination:

Q:   Ms. Mullin, do you have a videotape
of this entire interview?

A:   I don=t personally have it here, but there is one at the Children=s Assessment Center.

Q:   And Ms. Spence got a copy of it, if
you know?

A:   I believe she did, yes.

Q:   And about how long did the interview
take place?

A:   33 minutes.

Q:   Is
there anything about this case, about this accusation that you know or think
you know, other than what=s on the videotape?  And I mean by that, were there
some questions you asked off the tape, or were there some investigations that
you conducted in which you learned something that=s not on the tape about [E.G.]=s
statements?

A:   No, I don=t do investigations.

Q:   Okay. 
So B and I don=t
want to put words in your mouth, I just want to know if it is a fair statement
to say, if we looked at the videotape we would see what happened?

A:   What she told me, yes.

Q:   And
including such things as demeanor, tone of voice, appearance, whether she was
vague, things of that B

A:   That kind of thing, yes.